IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WOODROW T. NEWELL,**<br><br>Plaintiff,<br><br>vs.<br><br>**TYSON FOODS, INC., and FOODBRANDS SUPPLY CHAIN SERVICES, INC.,**<br><br>Defendants. | Case No.: 2:24-cv-02359-JWB-TJJ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**PARTIAL MOTION TO DISMISS**

Defendants Tyson Foods, Inc. ("Tyson") and Foodbrands Supply Chain Services, Inc. ("Foodbrands") (together, "Defendants") offer the following in support of their Partial Motion to Dismiss. For the reasons stated therein and below, the Court should dismiss Counts I and III of Plaintiff's Complaint (Doc. 1) with prejudice under Fed. R. Civ. P. 12(b)(6).

**I.     PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff makes the following factual allegations in his Complaint related to his claims and Defendants' Motion:

In August 2021, Defendants adopted/announced a policy that required employees to obtain COVID-19 vaccination by November 1, 2021 ("Vaccine Policy"). Complaint (Doc. 1), ¶¶ 39–41. Plaintiff alleges he holds Christian religious beliefs that would make it wrong and sinful to take any of the available COVID-19 vaccines. *See Id.*, ¶¶ 26–37. Following the Vaccine Policy's announcement, on or about August 24, 2024, Plaintiff informed Defendants of his religious beliefs and requested accommodation from the Vaccine Policy's requirements. *Id.*, ¶¶ 45–47.

According to Plaintiff, Defendants rejected his request for accommodation. Instead, Defendants informed Plaintiff that, absent receiving COVID-19 vaccination, he would be placed on a one-year unpaid, unprotected leave of absence, called "LOA Plus." Plaintiff alleges Defendants did not consider alternatives to LOA Plus and, if he did not take the leave, Defendants would have terminated his employment. *Id.*, ¶¶ 48, 51–53, 58–60. Plaintiff began LOA Plus on November 1, 2021. *Id.*, ¶ 68. Plaintiff alleges LOA Plus impacted various benefits related to his employment with Defendants. *Id.*, ¶¶ 55, 69–71.

Plaintiff alleges that "[u]pon information and belief, [Defendants] did offer other, non-religious employees accommodations that allowed them to continue employment, but did not offer them to [Plaintiff] because of his religious objection." *Id.*, ¶ 64. Plaintiff also alleges Defendants ceased imposing the Vaccine Policy before expiration of a year but did not give him notice of an ability to return to work before the year's expiration. *Id.*, ¶¶ 65–66. Instead, Plaintiff returned to work for Defendants on or about November 28, 2022, but Defendants treated him as a new employee for purposes of some employee benefits. *Id.*, ¶ 73.

On or about April 15, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") against "Tyson Foods." *See* Charge (Exhibit 1); *see also* Complaint (Doc. 1), ¶ 13. In it, he alleged "DISCRIMINATION BASED ON: Religion." In particular, Plaintiff's Charge stated the following:

> I was employed by the above-named employer as a Refrigeration Maintenance Technician. I began employment on or around March 11, 2013. On or about August 19, 2021, I was notified by my employer that it would be requiring all employees to be fully vaccinated by November 1, 2021. I sincerely hold a religious belief that conflicts with my employers vaccination requirement. During my employment, I requested a religious accommodation to Respondents Covid-19 vaccination mandate, which was denied. Instead, Respondent placed me on an indefinite leave of absence without pay. I believe I have been discriminated against because of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as

amended. I believe that my employer discriminated against others because of their religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* Plaintiff's Charge contained no other allegations. *Id.* Plaintiff alleges he received a Final Decision and Notice of Right to Sue on May 22, 2024.

## II.     ARGUMENT

### A.     Rule 12(b)(6) Legal Standard.

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate if a pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6)'s purpose is to eliminate actions fatally flawed in their legal premises and destined to fail, sparing parties from unnecessary litigation activity. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). Federal pleading standards demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

A complaint survives a Rule 12(b)(6) motion only if it has "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible only if "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must allege enough factual matter to show entitlement to relief. *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations as true [and] view them in the light most favorable to the nonmoving party." *Valencia v. Bd. of Regents, Univ. of N.M.*, 852 Fed. Appx. 345, 350 (10th Cir. 2021).

**B.     Plaintiff's Religious Disparate Treatment and Retaliation Claims (Counts I and III), Along with any Claim Based on a Discrete Act not in Plaintiff's Charge, Must be Dismissed for Failure to Exhaust Administrative Remedies.**

As a prerequisite to suit, Title VII requires exhaustion of administrative remedies by filing a charge of discrimination with the EEOC and obtaining a notice of right to sue/dismissal before filing suit. 42 U.S.C. § 2000e-5; *Brown v. Keystone Learning Servs.*, No. 17-2211-JAR, 2018 WL 6042592, at *5 (D. Kan. Nov. 19, 2018) ("To exhaust administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or an authorized state agency and receive a right-to-sue letter based on that charge."). A plaintiff must exhaust administrative remedies by timely filing a charge as to each discrete action—*e.g.*, disciplinary action, failure to promote, denial of transfer, refusal to hire, or termination of employment—that the plaintiff claims is discriminatory. *See Martinez v. Potter*, 347 F.3d 1208, 1210–11 (10th Cir. 2003) (finding plaintiff failed to exhaust on discrete, independent disciplinary actions). "The rule is equally applicable . . . to discrete claims based on incidents occurring after the filing of Plaintiff's [Charge]." *Id.* at 1210. The main purposes of the exhaustion requirement are (1) to give notice of the alleged violation to the charged party and (2) to give the agency an opportunity to conciliate. *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020) (quotations and citations omitted). A plaintiff cannot bring suit on claims not included in a timely-filed charge for which he has received a right to sue. *Id.* (citing *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018)).[1]

---

[1] A plaintiff's claims are "generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC," with the reasonable, likely investigatory scope determined by the Charge's allegations. *Sanderson*,

4

Here, initially, Plaintiff's Complaint has only a brief, vague, conclusory allegation that he filed a Charge. Plaintiff does not attach the operative Charge or provide any factual allegations to support exhaustion of administrative remedies on any claim he asserts, much less a religious disparate treatment claim, a retaliation claim, or any claim other than failure to accommodate related to placement on LOA Plus. Indeed, Plaintiff's Charge did not list "Retaliation" in the "DISCRIMINATION BASED ON" section and had no allegations of retaliation. Similarly, the Charge did not allege religious disparate treatment. Instead, Plaintiff limited his Charge to a religious failure to accommodate. Specifically, his Charge alleged "Tyson Foods" discriminated against him based on his religion, Christian, by placing him on an unpaid leave of absence after he requested religious accommodation from the COVID-19 vaccination requirement. Again, the Charge did not reference an alleged retaliation, otherwise alleged no religious disparate treatment, i.e., different treatment of Plaintiff based on his religion, and alleged no discrete acts other than placement on LOA Plus as an accommodation. The Charge did not put Defendants or the EEOC on notice of any such claims. *See* Ex. 1.

Plaintiff cannot proceed on Counts I and III, or on any claim beyond an alleged failure to accommodate in placement on LOA Plus, because he did not exhaust them administratively. The Court must dismiss any such claims in their entirety on that basis, consistent with ample Tenth Circuit precedent.[2] Allowing Plaintiff to pursue unexhausted claims would allow him to

---

976 F.3d at 1170 (internal quotations and citations omitted). The EEOC charge "must contain facts concerning the discriminatory or retaliatory actions underlying each claim." *Id.* (same).

  [2]*See, e.g.*, *Rosales v. Walmart, Inc.*, No. 21-2078, 2022 WL 17039227, at *2–6 (D. Colo. Nov. 17, 2022) (dismissing disparate impact claim where charge allegations absent and would not reasonably grow out of the charge allegations) (citing *Beth v. Espy*, 854 F. Supp. 735, 736 (D. Kan. 1994)); *Cirocco v. McMahon*, 768, 861 (10th Cir. 2019) (cannot exhaust retaliation claim by asserting it "reasonably relates" to claims in the charge) (citing *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003), holding plaintiff must "exhaust administrative remedies for each individual discriminatory or retaliatory act"); *Smith v. Cheyenne Ret. Investors L.P.*, 904 F.3d 1159, 1164–

"circumvent the administrative agency's investigatory and conciliatory role as well as deprive [Defendants] notice of the charge." *See Harrell v. Spangler, Inc.*, 957 F. Supp. 1215, 1219 (D. Kan. 1997) (citing *Jensen v. Bd. of County Comm'rs*, 636 F. Supp. 293, 298 (D. Kan. 1986)).

### C. Plaintiff Fails to State a Religious Disparate Treatment Claim.

Plaintiff's Count I for religious disparate treatment is also subject to dismissal because he has not pleaded sufficient facts to show an adverse employment action under circumstances giving rise to an inference of discrimination, i.e., that Tyson took adverse employment action against Plaintiff based on his religion. *Rodriguez v. Brown*, 2022 WL 3453401, at *3–4 (10th Cir. Aug. 18, 12022); *see also Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 335 n.15 (1977).

Plaintiff makes a single vague, conclusory allegation that Defendants offered other, non-religious employees accommodations that allowed them to continue employment. However, he does not plead any facts to support such alleged disparate treatment. Plaintiff's only allegation of purported disparate treatment is a simple, bald conclusion, while contradictorily alleging that Tyson's vaccination requirement applied to all employees. Plaintiff's Complaint lacks any well-pleaded facts to suggest Tyson's policy and/or leave applied to Christian employees—or any group

---

65 (10th Cir. 2018) (plaintiff did not exhaust retaliation claim related to earlier EEOC charge where plaintiff's claims were limited to age and race discrimination, and retaliation for internal complaint); *Boldridge v. Tyson Foods, Inc.*, 280 Fed. Appx. 723, 727–28 (10th Cir. 2008) (affirming dismissal of disparate impact claim on exhaustion where claim was not like or reasonably related to EEOC charge allegations); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186–87 (10th Cir. 2007) (failure to exhaust where "facts related to the alleged act of discrimination—UPS's failure to consider accommodating his perceived disability—are absent from the charge"); *Mitchell v. City and County of Denver*, 112 Fed. Appx. 662, 667–68 (10th Cir. 2004) (failure to exhaust race-based hostile work environment claim where charge alleged failure to promote and nothing indicated a hostile work environment); *Kear v. Kohl's Dept. Stores, Inc.*, No. 12-CV-1235-JAR, 2013 WL 424881, *3 (D. Kan. Feb. 4, 2013) (failure to exhaust retaliation claim where plaintiff did not check the box for retaliation in the "Discrimination Based On" section of charge and narrative "does not mention retaliation or even allude to retaliatory conduct by her employer that she alleges in the Complaint").

of Christian employees—any differently or less favorably than it applied to employees outside that category. Indeed, Plaintiff's Complaint does not include factual allegations comparing Plaintiff's allegedly less favorable treatment to similarly situated non-Christians or other facts from which one could infer disparate treatment based on religion. The absence of such factual allegations warrants dismissal of Count I.

### D. Plaintiff Fails to State a Retaliation Claim.

Plaintiff's Count III for retaliation is likewise subject to dismissal. Here, Plaintiff claims Tyson threatened termination of employment after he requested religious accommodation if he did not accept LOA Plus, ultimately placing him on unpaid leave that he equates to termination. However, Plaintiff cannot base a retaliation claim on the accommodation Tyson offered. Such a claim is not cognizable because alleged denial of a requested accommodation does not give rise to a separate retaliation claim:

> The flaw in this argument is obvious: If every denial of a request for reasonable accommodation gave rise to a claim for retaliation, then every denial of a request for reasonable accommodation would give rise to two claims: a claim for failing to reasonably accommodate and a claim for retaliating.

*Ehlers v. Univ. of Minn.*, No. 18-2794, 2021 U.S. Dist. LEXIS 31263, at *57 (D. Minn. Feb. 19, 2021) (citing *McClain v. Tenax Corp.*, 304 F. Supp. 3d 1195, 1206 (S.D. Ala. 2018))[3]; *Johnson v. Norton County Hosp.*, 550 F. Supp. 3d 937, 961 (D. Kan. 2021) (plaintiff could not base retaliation claim on accommodations the employer offered because the retaliation claim was superfluous and

---

[3] "[M]ere denial of a request for a reasonable accommodation cannot be an adverse employment action giving rise to a separate ADA retaliation claim. Were the law otherwise, every time an employee was denied a requested accommodation, [she] would be able to 'double dip' by asserting both ADA failure-to-accommodate and ADA retaliation claims." *McClain*, 304 F. Supp. 3d at 1206.

duplicative of a failure to accommodate claim) (citations omitted).[4]

Plaintiff's own allegations belie the causation element for retaliation. And, as multiple courts recognize, a plaintiff cannot assert a retaliation claim that is only a repackaged a failure to accommodate claim. Count V is subject to dismissal.

### III.   CONCLUSION

For the reasons above, the Court should dismiss with prejudice Counts I and III and dismiss Plaintiff's Complaint to the extent it is based on any allegation of alleged discrete acts not raised in his Charge.

Respectfully submitted,

/s/ Curtis R. Summers
Curtis R. Summers, KS #22063
Direct: 816.627.4427
E-Fax: 816.817.2696
csummers@littler.com
Bonnie Birdsell, KS #78895
Direct: 816.627.4412
E-Fax: 816.817.1957
bbirdsell@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANTS

---

[4] *See also Hurley v. Fuchs*, 2021 WL 4290134, at *8 (D.N.M. Sept. 21, 2021) ("[F]ailure to accommodate cannot serve as an adverse action for a[] retaliation claim because it merely restates an underlying failure to accommodate claim."); *Moore-Fotso v. Bd. of Educ. of the City of Chicago*, 211 F. Supp. 3d 1012, 1037 (N.D. Ill. 2016) (allegations are "circular" because "the denial of such requests can hardly be considered unlawful retaliation for the act of requesting them") (collecting cases); *Floyd v. Lee*, 968 F. Supp. 2d 308, 334 (D.D.C. 2013) ("[I]f the denial of a request for accommodation could itself support a claim of retaliation based on the request, then every failure-to-accommodate claim would be doubled.").

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system, which sent electronic notice to the following:

Jonathan R. Whitehead
LAW OFFICES OF JONATHAN R. WHITEHEAD, LLC
229 S.E. Douglas St., Ste. 210
Lee's Summit, MO 64063
Jon@WhiteheadLawLLC.com

Michael K. Whitehead
WHITEHEAD LAW FIRM, LLC
229 S.E. Douglas St., Ste. 210
Lee's Summit, Mo 64063
Mike@TheWhiteheadFirm.com

ATTORNEYS FOR PLAINTIFF

                                                          */s/ Curtis R. Summers*
                                                          ATTORNEY FOR DEFENDANTS